**GARY W. BRADCOCK, Plaintiff-Appellant,**

**v.**

**AMERICAN SAMOA GOVERNMENT, Defendant-Appellee.**

High Court of American Samoa
Appellate Division

AP No. 16-95
CA No. 184-94

July 15, 1997

Before RICHMOND Associate Justice, GOODWIN[*], Acting Associate Justice, WALLACE[**], Acting Associate Justice, SAGAPOLUTELE Associate Judge, and MAILO, Associate Judge.

Counsel: For Appellant, Marshall Ashley
For Appellee, Malaetasi M. Togafau, Attorney General, and Henry W. Kappel, Office of Attorney General.

---

[*] Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals, for the Ninth Circuit, serving by designation of the Secretary of the Interior.
[**] Honorable J. Clifford Wallace, Senior Circuit Judge, United States Court of Appeals, for the Ninth Circuit, serving by designation of the Secretary of the Interior.

OPINION

GOODWIN, Acting Associate Justice.

Gary W. Bradcock appeals from a summary judgment entered in favor of the government in his action for damages brought under the tort claims act. A.S.C.A. § 43.1201 et seq. The trial division held that the action was barred by Bradcock's failure to commence the action until two years, nine months, and seventeen days after his alleged injury. We affirm the judgment.

On January 7, 1992, while returning to the ship where he was employed as Chief Engineer, Bradcock was injured in an attack by an unknown assailant. He alleges that the injury occurred because the American Samoa Government was negligent in its duty to provide adequate security for the waterfront area.

■ On September 30, 1993, Bradcock filed a government tort administrative claim with the ASG Attorney General pursuant to A.S.C.A. § 43.1205. This claim was effectively denied on December 30, 1993. A claim is deemed denied if three months elapse after the filing of the claim with no reply by the Attorney General. *See* A.S.C.A. § 43.1205.

On October 25, 1994, Bradcock filed this action. On January 6, 1995, the ASG moved for summary judgment on the ground that the two year limitation period prescribed in A.S.C.A. § 43.1204 had expired. Placing its decision on the grounds of laches, the trial division granted summary judgment in favor of the ASG.

We begin with § 43.1204, which states that "[a] tort claim against the government shall be forever barred unless an action on it is begun within 2 years after the claim accrues."

The trial division in *Mataipule v. Tifaimoana Partnership, Ltd.*, 16 A.S.R.2d 48 (Trial Div. 1990), held that a claim accrues for purposes of § 43.1204 when the administrative claim is denied. The next year, in *Randall v. American Samoa Government*, 19 A.S.R.2d 111 (Trial Div. 1991), the trial division questioned *Mataipule* because of a concern that *Mataipule* effectively grants a four-and-a-half year statute of limitations to tort claimants against the government "in curious contrast to the two years given those who have been injured by private persons." *Randall*, 16 A.S.R.2d at 116.

■ We need not canvas all the problems created by "accrues" as held in *Mataipule* in this case because it is possible to harmonize § 43.1204 and the plain meaning of "accrues" with the legislative purpose of § 43.1204

43

by means of the familiar doctrine of tolling. When a plaintiff files a claim with the Attorney General at any time within the two-year period provided by § 43.1204, the running of the two-year period is stayed and the statute is tolled for such time as the Attorney General takes to act upon the claim or until such time as the claim is denied by default, as happened in this administrative claim.

In *Sierra Club v. Chevron U.S.A., Inc.*, 834 F.2d 1517, 1523 (9th Cir. 1987), in dealing with a statute of limitations problem in a Clean Water Act case, the court said: "In this circuit, the rule is that 'if prior resort to an administrative body is a prerequisite to review in court, the running of the limitations period will be tolled during the administrative proceeding.'" (citations omitted). We believe the same policy applies to a mandatory administrative procedure as a condition to filing a claim in court.

The principal purpose of statutes of limitations is to prevent plaintiffs from sleeping on their rights and to give defendants relief from stale claims. That purpose is served by the requirement that prompt resort be had to the administrative claim procedure, and it is further served by requiring prompt filing in court within the statutory period after the administrative claim has been processed.

In this case, the trial court was faced with the precedent of the *Mataipule* case, and the warning in the *Randall* case that the purpose of the statute of limitations could be frustrated by delay filing the administrative claim, especially when followed by further delay in filing the court action. The trial court met this situation by adapting the equitable principle of laches to both Bradcock's administrative claim and to his delay from December to the next October in filing his court action.

In order to draw something of a bright line for these tort claims against the ASG and to resolve the tension between the *Mataipule* case and the statute of limitations, we adopt the tolling principle for the period of administrative processing, and add that time to the remaining time under the statute of limitations. In the case at bar, the plaintiff's delay, whether reasonable or not, a matter that was not explored in the trial court, was prejudicial to the defendant, and was taken at the peril of the plaintiff when no effort was made for ten months to go to court after the administrative claim was denied. Accordingly, the judgment of the trial division is affirmed.

AFFIRMED.